# Reynolds' Appeal.

A testator provided by his will as follows: " Also I give to my daughter, Martha, all the remainder of my ground, except what is hereafter mentioned; that is, a lot bounded and described as follows (here followed a description).    If I do not sell the above lot during my lifetime, then it must be divided into six equal lots, four on Railroad avenue and two on I street, to my heirs, as follows; Francis, Mary, James, Harriet, Alice and Elizabeth, . . . . Martha to have none of the above lots. If I sell the above lot, the money that is left to be equally divided among the six heirs."  He subsequently sold this lot, and took a mortgage thereon for the purchase money, and then executed the following codicil: " The money coming from the lot sold to Mrs. Reynolds (the lot in question), must be equally divided among all my heirs except Mrs. Elizabeth Bright, and her share shall go to Martha."   The testator died, leaving surviving him the said Francis, Mary, Harriet, Alice, Elizabeth, Martha and children of James:

_Held_, that the amount collected from the said mortgage should be divided into six equal parts, to one of which the said Francis, Mary, Harriet, Alice, Martha and children of James should each be entitled.

October 24th 1883.  Before MERCUR, C. J., GORDON, PAX-SON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

APPEAL from the Orphans' Court of *Allegheny county :* Of October and November Term 1883, No. 182.

. This was an appeal by Alice Reynolds from a decree of the said court, revising and restating the partial account of Martha Hulton, executrix of Jonathan Hulton, deceased.

The fund for distribution was $1,573.50, and under the language of testator's will and the other facts of the case, which are fully recited in the opinion of this court, was divided by the court (OVER, J.) into seven equal parts and two-sevenths thereof awarded to one Martha Hulton and five-sevenths to the other heirs named in said will. Alice Reynolds, one of testator's heirs and legatees took this appeal, assigning for error the said decree of the court.

*John C. McCombs*, for the appellant.

*Hughey & Bennett* (with them *G. W. DeCamp*), for the appellee.

Mr. Justice GORDON delivered the opinion of the court, November 5th 1883.

Jonathan Hulton, by his will, dated August 15th 1873, provided as follows : " Also I give to my daughter Martha, all the remainder of my ground, except what is hereafter· mentioned. ' That is a lot bounded and described as follows, viz.: Beginning at corner of Railroad avenue and 'I' street ; thence along Railroad avenue one hundred feet ; thence along Martha's line one hundred and fifty feet ; thence along Martha's line one hundred feet to 'I' street ; thence down 'I' street one hundred and fifty feet to the place of beginning.  If I do not sell the above lot during my lifetime, then it must be divided into six equal lots, four on Railroad avenue and two on·' I ' street, to my heirs as follows ; Francis, Mary, James, Harriet, Alice and Elizabeth, to have their choice as their names stand. Martha to have none of the above lots.  If I sell the above lot the money that is left to be equally divided among the six heirs, except Mary must have three hundred dollars less than the rest, she having had that amount."

About the intention of the testator as here expressed there is no obscurity ; the land devised was to be divided into six equal lots and to pass to six of his children nominatim, so if he should sell the land, the money arising therefrom, and remaining undisposed of at the time of his death, was to be distributed in like manner to the children named.   He afterwards sold this property to Mrs. Alice Reynolds, his daughter, and took from

her a mortgage for the purchase money.  Then, on the 11th of January 1876, he executed a codicil to his will, in which he disposes of the money above mentioned as follows: "the money coming from the lot sold to Mrs. Reynolds must be equally divided between all my heirs except Mrs. Elizabeth Bright, and her share shall go to Martha."

In the construction of this item the question arises, did the testator intend that this money should be divided into seven parts, and that of these Martha should have two, one in her own right, and the other as substitute for Mrs. Bright, or, on the other hand, was it his intention that the fund should be divided into six parts, and to the share originally intended for Mrs. Bright, Martha should be substituted?

The court below thought an affirmance of the first part of this question would best express the testator's intention, and decreed accordingly.  In this we think there was a mistake. The will, whether speaking of land or money, provides for a division of either among six of his children, Martha being excluded.  The codicil, in like manner, directs the fund to be divided among six of his children, Mrs. Bright now being excluded.  "The money coming from the lot sold to Mrs. Reynolds must be equally divided between all my heirs except Mrs. Elizabeth Bright."  This is plain enough, for leaving out Mrs. Bright, but six children, or heirs as he terms them, remain, hence the fund must of necessity be divided into but six parts. The only trouble is, that the testator, in his anxiety to leave nothing unexplained, uses language from which arises some obscurity.  Mrs. Bright was named in the will as one of the legatees of this fund, but in the codicil he excludes her, and in order that there shall be no doubt as to the one who shall take her place, he adds; "and her share shall go to Martha."  Not, indeed, her share in the present bequest, for she had none, being in express terms excluded from participation therein, and if in that Martha was to take her share she took nothing, but rather she was to take the share intended for Mrs. Bright under the original disposition of the will.  That is, Martha was substituted for Mrs. Bright, and thus the first becomes one of the six legatees instead of the second.

The decree of the court below is now reversed and set aside at the costs of the appellee, and it is ordered that whatever now remains of the fund bequeathed, as above mentioned, be divided into six equal parts, and that one part or share be awarded to each of the parties entitled, including Martha.